# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

OMOYODE UVIOVO,   *

Petitioner,   *

v.   *   Civil Action No. PWG-18-458

STATE OF MARYLAND, *et al.*,   *

Respondents.   *

## MEMORANDUM OPINION AND ORDER

Self-represented Petitioner Omoyode Uviovo has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in which she collaterally attacks her 2012 conviction for conspiracy to commit theft.[1] ECF No. 1. Respondents have filed a limited Answer in which they argue that the Petition should be dismissed as untimely. ECF No. 3. Pursuant to *Hill v. Braxton*, 277 F.3d 701 (4th Cir. 2002), Uviovo was afforded an opportunity to explain why the Petition should not be dismissed as time-barred. ECF No. 4. Uviovo has not responded. Upon review of the submitted materials, the Court finds no need for an evidentiary hearing. *See* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts; D. Md. Local R. 105.6 (D. Md. 2018). For the reasons set forth below, the Petition will be DISMISSED as time-barred.

**I.**   **Background**

On January 13, 2012, Uviovo entered a guilty plea in the Circuit Court for Montgomery County in Case Number 118634, for conspiracy to commit theft. ECF No. 3-1 (Docket Entries,

---

[1] Although at the time of filing, Uviovo was not incarcerated, it appears that she remained under an order of probation and thus was in custody for purposes of 28 U.S.C. § 2254 review. "The custody provision [of the federal habeas corpus statute] does not require incarceration or other actual, physical restraint of a person. *See Jones v. Cunningham,* 371 U.S. 236, 241–43 (1963) (parolee is in custody); *Helm v. Jago,* 588 F.2d 1180, 1181 (6th Cir. 1979) (probationer is in custody).

Montgomery County Circuit Court, Case Number 118634) at 10. She was sentenced on March 14, 2012, to a six-year term of incarceration with all but nine months suspended, to be followed by five years of probation. *Id*. at 11. Uviovo did not seek leave to appeal and as such her conviction and sentence became final on April 13, 2012, when the time for seeking leave to appeal expired. *See* Md. Rule 8-204(b) (stating an application for leave to appeal must be filed within 30 days of the entry of the judgement from which the appeal is sought).

In March of 2017, the State initiated violation of probation proceedings against Uviovo. ECF No. 3-1 at 12. Those proceedings were ongoing when Uviovo filed this case. *Id*.

Uviovo filed this Petition on February 14, 2018. ECF No. 1. In the Petition, Uviovo challenges the validity of her underlying conviction and does not appear to raise claims regarding the violation of probation proceedings.[2] *Id*. at 5.

## II. Discussion

### A. Timeliness

A petition for a writ of habeas corpus may be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a) (2012). However, a petition is subject to the following statutory limitations period:

---

[2] Any claims regarding the violation of probation proceedings, to the extent cognizable, are unexhausted given that at the time this case was filed Uviovo's probation had not been revoked. Under § 2254, before seeking federal habeas corpus relief, Uvivo must exhaust each claim presented by pursuing remedies available in state court. *See Rose v. Lundy*, 455 U.S. 509, 521 (1982). Each claim must be fairly presented to the state courts; this means presenting both the operative facts and controlling legal principles. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted). Exhaustion includes appellate review in the Maryland Court of Special Appeals and, where appropriate, in the Maryland Court of Appeals. *See Granberry v. Greer*, 481 U.S. 129, 134–35 (1987). This exhaustion requirement affords the state courts the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights. *See Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973).

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(l). This one-year period is, however, tolled while properly filed state post-conviction proceedings are pending. *See id.* at § 2244(d)(2).

Respondent asserts that the Petition should be dismissed as time-barred because it was filed well beyond the one-year limitations period set forth in 28 U.S.C. § 2244(d). ECF No. 3. Respondents correctly note that Uviovo's conviction became final on April 13, 2012, when the time for filing an application or leave to appeal her guilty-plea conviction expired. Md. Code Ann., Cts & Jud. Pro. § 12-302(e)(2); Md Rule 8-204(b)(2)(A). As such, Uviovo's time for filing a federal petition expired on April 13, 2013. *See* 28 U.S.C. § 2244(d)(1)(A). Between the finality of Uviovo's conviction and the expiration of the limitation period, Uviovo had no application for state post-conviction relief or other collateral review pending which would have served to toll the limitations period. *Id*.

### B. Equitable Tolling

3

The Court notes that under certain circumstances the statute of limitations for habeas petitions may be subject to equitable tolling. *See, e.g.*, *Harris v. Hutchinson*, 209 F.3d 325, 329–30 (4th Cir. 2000); *United States v. Prescott*, 221F.3d 686, 687–88 (4th Cir. 2000). The Court of Appeals for the Fourth Circuit has consistently held that a party seeking to avail itself of equitable tolling must show that (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) prevented him from filing on time. *Rouse v. Lee,* 339 F.3d 238, 246 (4th Cir. 2003) (*en banc*). Further, to be entitled to equitable tolling a habeas petitioner must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted); *see also Harris*, 209 F.3d at 330 (stating that "any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent" and "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result"). Uviovo does not offer any argument in favor of equitable tolling. The Court concludes that Uviovo is not entitled to equitable tolling.

**III. Certificate of Appealability**

When a district court dismisses a habeas petition, a Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects constitutional claims on the merits, a petitioner satisfies the standard by demonstrating that "jurists of reason could disagree with the district court's resolution of [the] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck v. Davis*, 137 S. Ct. 759, 773–74 (2017) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)). When a petition

4

is denied on procedural grounds, the petitioner meets the standard by showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because Uviovo fails to satisfy this standard, the Court declines to issue a Certificate of Appealability. Uviovo may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003).

**IV. Conclusion**

For the foregoing reasons, the Petition is DISMISSED as time-barred. The Court declines to issue a Certificate of Appealability.

**ORDER**

In accordance with the foregoing Memorandum Opinion, it is this 9th day of April, 2020, by the United States District Court for the District of Maryland, hereby ordered that:

1. The Petition for Writ of Habeas Corpus, to the extent it challenges Uviovo's conviction entered in 2012 by the Circuit Court for Montgomery County in Case Number 118634, IS DENIED and DISMISSED as time-barred;

2. The Clerk SHALL CLOSE this case;

3. A certificate of appealability SHALL NOT ISSUE; and

4. The Clerk SHALL SEND a copy of this Order, together with the foregoing Memorandum Opinion, to Petitioner and counsel of record.

                                                                  /S/
                                          Paul W. Grimm
                                          United States District Judge